UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Almanzar et al., <br><br> Plaintiffs, <br><br> v. <br><br> BX Auto Concept Corp. et al., <br><br> Defendants. | 24-CV-6146 (DEH) <br><br> MEMORANDUM ORDER |

DALE E. HO, United States District Judge:

Plaintiff Antonio De La Cruz Almanzar filed this action against Defendants BX Auto Concept Corp., Bronx Auto Concept Corp, and Gerardo Ortega alleging that they violated, *inter alia*, the overtime provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See* Complaint ¶¶ 54-70, ECF No. 1. After Defendants failed to answer or otherwise respond to the Complaint, the Clerk of Court issued certificates of default against them, *see* ECF Nos. 20, 21, and 24, and this Court granted Plaintiff's motion for default judgment, ECF No. 36. The Court then referred this case to Magistrate Judge Aaron for an inquest into damages. Am. Referral Order, ECF No. 37. Judge Aaron thereafter issued a Report and Recommendation (the "Report"), to which no objections were made. *See* Report & Recommendation, ECF No. 51. For the reasons stated below, the Report is ADOPTED IN FULL.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But where, as here, no objection has been made, the court can adopt the report and recommendation in full "as long as there is no clear error on the face of the record." *Sacks v. Gandhi Eng'g, Inc.*, 999 F. Supp. 2d

629, 632 (S.D.N.Y. 2014) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Judge Aaron's Report advised the parties that, under federal statute and the Federal Rules of Civil Procedure, they had fourteen days from service of the Report to file written objections. *See* Report and Recommendation at 10-11. Judge Aaron further cautioned the parties that "failure to object within fourteen (14) days w[ould] result in a waiver of objection and w[ould] preclude appellate review." *Id.* at 11 (emphasis omitted). No objection has been filed as of the date of this Order, and neither party has requested an extension of time for filing any objection, either. Therefore, the parties have waived any right to object to Judge Aaron's Report or to obtain appellate review.

Even absent any objection, the Court has thoroughly reviewed Judge Aaron's Report. The Court finds the Report to be well reasoned and grounded in fact and law. It contains no clear error on the face of the record. As Judge Aaron found, the calculation in Plaintiff's spreadsheet accurately set forth the amount owed to Plaintiff in overtime wages—$137,916.43. *See* Report and Recommendation at 8 (citing Revised Spreadsheet Calculating Damages, ECF No. 50-1). Plaintiff is, by statute, "entitled to liquidated damages on the total amounts of unpaid minimum and overtime wages under the NYLL in an amount equaling 100% of the total amount due . . . *i.e.*, $137,916.43." *Id.* at 9. And the Court agrees with Judge Aaron's recommendation that "pre-judgment interest start to run on . . . September 16, 2022 . . . on the sum of $137,916.43" "at the statutory rate of 9% per year." *Id.*

Accordingly, Judge Aaron's Report is ADOPTED IN FULL. Plaintiff is awarded $137,916.43 in unpaid overtime wages and $137,916.43 in liquidated damages, totaling $275,832.86 in damages. The Clerk of Court is respectfully directed to:

- Calculate Plaintiff's entitlement to pre-judgment interest at a rate of nine percent per annum on the principal amount of $137,916.43 from September 16, 2022 to May 15, 2025, and add this amount to Plaintiff's damages entitlement stated *supra*;

- Terminate ECF No. 27; and

- Enter judgment and terminate this case.

Plaintiff shall serve a copy of this Order on Defendants by mail no later than **May 22, 2025**.

SO ORDERED.

Dated: May 15, 2025
New York, New York

_____
DALE E. HO
United States District Judge

3